White, J.
The first question raised as a ground of error”» is, whether the action can be maintained in the name of the city for the use of the contractor.
This question depends upon whether sections 546 and 547-of the municipal code, which expressly authorize the suit to be brought in the name of the city, have been repealed by the seventh clause of section 562 as amended. 67 Ohio L. 80, 81; 70 Ohio L. 83.
The original clause, as found in the code, was as follows:
“ The contract shall be between the corporation and the bidder, and the corporation shall pay the contract price for the work, when it is completed, in cash.” The same language is contained in the amendment; but a proviso is added, declaring “ that the contract pi’ice may be paid in assessments, as the council in its discretion may have previously determined.”
There is no necessary repugnancy between the authority *280 given in the sections referred to, authorizing suit to be brought in the name of the corporation, and the authority conferred on the council by the amendment to pay for the work in assessments. Both provisions can stand and have effect, and when such is the case, they should both be held to bo still in force.
Nor is the right of the city to maintain the action for the use of the contractors, Gardner & Co., affected by the matter set up in regard to the Exposition Park Association. Assuming it to be true, as alleged, that the park association had no corporate capacity to take an assignment of the contract, or to undertake the performance of the work, that is a question between Gardner & Go. and the association, and does not concern the city or the plaintiff's in error. Gardener & Go. bound themselves to the city for the performance of the work, and the work was duly performed and accepted. It was therefore wholly immaterial, both to the city and the lot-owners, through what agencies Gardner & Co. effected the performance of the contract.
The second ground of complaint is that interest was allowed on the amount found to be properly chargeable ^against the plaintiff in error from the time fixed by the ordinance for the payment of the assessment.
No penalty was allowed, and it is claimed that, on the same principle that the penalty was refused, interest also ought to have been.
Where compensation is to be made for property or services, and delay has occurred in obtaining payment, interest is a recognized element in assessing the value. The amount found to be chargeable against the plaintiff in error, was equal to the amount of the assessment, and we see no valid objection to the allowance of interest. If the city had contracted to pay for the work in money, she would have been liable to the contractor for interest after the payments became due; and if, under section 550, the amount was properly chargeable on the property, she would, notwithstanding the defect in the proceedings, have been entitled to *281 interest. The claim of the contractor in the present cas® is equally good.
The remaining ground of error alleged is that the provision of the municipal code authorizing a personal judgment against the lot owner for an assessment is unconstitutional.
This question -was decided by this court against the objection in Hill v. Higdon, 5 Ohio St. 243. The action in that case was in personam, and the judgment was affirmed on the ground that the statute creating the liability was constitutional.
The statutes conferring the power of assessment on municipal corporations, have uniformly, in this state, so far as we have observed, authorized the assessment against the person as well as the property, and a remedy against both for its enforcement.
The decision in Hill v. Higdon, has been followed in numerous subsequent cases, and is in accordance with the current of authority in other states.
"We have examined the two cases cited in argument to the contrary, Taylor v. Palmer, 31 Cal. 241, and the City of St. Louis v. Allen, 58 Mo. 44, and we discover nothing in them to justify the overruling of the former decisions of this court. In Taylor v. Palmer, there were two dissents. The learned and able opinion of Sawyer, J., is found separated from the report of the case, On page 666 of the volume.
It does not follow from the fact that if a personal liability for the assessment may be imposed on the owner; which maybe enforced against his other property, that such liability will be unlimited, and may exceed the value of the property assessed. Nor does it follow from the fact that the assessment is authorized that it may be enforced to the full value of the property to which it relates. Neither the constitutional provision nor the legislation on the subject contemplates such a result.
The constitution requires the power to be restricted so aa to prevent its abuse; and present legislation restricts its *282 exercise to twenty-five per centum of the value of the property assessed.
In the case of the N. I. R. R. Co. v. Connelly, 10 Ohio St. 166, in speaking of cases where the assessment is claimed to be excessive, it is said, “ if no fraud intervene, and the assessment does not substantially exhaust the owner’s interest in the land, his remedy would seem to be to procure, by a timely appeal to the city authorities, a reduction of the special assessment.” . . .
The constitutionality of the assessment would not seem to depend on its enforcement being limited to the particular property in reference to which it is made, but rather upon the .nature and extent of the demand.
The right of the owner to all his property is equally entitled to constitutional protection. If a liability may be created and charged upon a specific parcel of property while owned by a particular individual, there would seem to be no constitutional objection to legislation which authorizes the enforcement of the demand against other property of the owner through the means of a personal action.

JLeave refused.

"Welch, C. J., Rex, Gilmore, and McIlvaine, JJ., concurred.